IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAESHA FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 21-548 |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

AND NOW, this 26th day of July, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*, and denying Plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and disabled adult child ("DAC") benefits,[1] finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019) (explaining substantial evidence demands only that the "existing administrative record…contains 'sufficien[t] evidence' to support the agency's factual determinations"); *Jesurum v. Secretary of U.S. Department of Health & Human Services,* 48

---

[1] Plaintiff filed her application for SSI in 2016 and her application for DIB and DAC in 2017, alleging an onset date of October 5, 2015. The ALJ denied Plaintiff's SSI claim on April 11, 2018, but did not consider Plaintiff's DIB or DAC claims. On October 1, 2018, the Appeals Council remanded the case back to the ALJ for a new hearing and decision in light of the ALJ's failure to address Plaintiff's DAC claim. On February 26, 2019, the ALJ held a new hearing at which Plaintiff appeared along with her counsel. On April 23, 2019, Plaintiff again was found not disabled. Thereafter, Plaintiff filed suit in the United States District Court for the Eastern District of Michigan, and the case was later transferred to this District.

F.3d 114, 117 (3d Cir. 1995). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing *Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]    Plaintiff, currently proceeding *pro se*, appears to be arguing that her case should be remanded based on newly submitted evidence that was not before the Administrative Law Judge ("ALJ").  The Court disagrees and finds that remand is not warranted on the basis of the newly proffered evidence.

The Court first notes that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence.  *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001) (citing *Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 360 (3d Cir. 2011).  Accordingly, the Court cannot rely on any records that were not part of the administrative record upon which the ALJ based her decision in making its determination here. Since the evidence submitted by Plaintiff was not before the ALJ when the ALJ rendered her opinion, the Court may not review these newly proffered records pursuant to Sentence Four of 42 U.S.C 405(g).

If, however, a plaintiff proffers evidence that was not previously presented to the ALJ, a district court *may* remand pursuant to Sentence Six of Section 405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ.  *See Matthews*, 239 F.3d at 591-593 (citing *Szubak v. Secretary of Health and Human Services,* 745 F.2d 831, 833 (3d Cir. 1984)). In *Szubak,* the Third Circuit explained the following:

> As amended in 1980, § 405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material;" it must be relevant and probative.  Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination.  An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.  Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

*Id.* (citations omitted).  All three requirements must be satisfied to justify remand.  *See id.*

Evidence is "new" if was "not in existence *or available* to the claimant at the time of the administrative proceeding." *See Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990) (emphasis

added). In this case, various pieces of the evidence submitted are not new because they were either in existence or could have been obtained by Plaintiff prior April 23, 2019 (and, thus, available), or are cumulative of what is in the record. For example, the 2021 medical opinion from Plaintiff's primary care physician could have been timely procured and submitted to the ALJ for review. The Court notes that Plaintiff was represented by counsel at the hearing, and counsel informed the ALJ that all material evidence had been submitted and the record could be closed. (R. 40-41). Similarly, the 2021 treatment summary from Plaintiff's social worker, medical records from 2018 and 2019, and the statement from Plaintiff's mother could have been timely procured and submitted to the ALJ for review. Therefore, those records fail to meet the first element.

To meet the second element, the remainder of the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. In this case, the vast majority of the new evidence does not relate to the time period for which benefits were denied, which is prior to April 23, 2019. Rather, it relates to the ramifications of an assault that occurred in May of 2020. Thus, those records do not relate to the relevant time period, and Plaintiff fails to explain how the same would have reasonably changed the ALJ's decision.

Furthermore, to the extent Plaintiff asserts the evidence shows a subsequent deterioration, that argument also fails. As set forth above, implicit in the materiality requirement, is that the "new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Szubak,* 745 F.2d at 833. If Plaintiff believes that her condition has significantly worsened since the date of the decision of the ALJ, her remedy is to file a new application for that new time frame. As a result, the remainder of the evidence is not material.

Regardless, even if any of the evidence was new and material, Plaintiff has not demonstrated good cause for failing to present the evidence to the ALJ. As the Court mentioned previously, at the hearing, counsel for Plaintiff informed the ALJ that all material evidence had been submitted and the record could be closed. (R. 40-41). No explanation has been proffered for submitting the evidence then in existence only now. Consequently, this newly proffered evidence does not provide a basis for remand under Sentence Six.

Plaintiff also appears to make the cursory argument that the ALJ was biased because she felt the ALJ appeared to be judgmental and skeptical at the hearing when the ALJ asked how she was taking care of her baby "IF she was disabled." (Doc. No. 30, p. 2). A review of the hearing transcript reveals no such exchange. The ALJ merely asked Plaintiff about the task of caring for her baby. It is the ALJ's responsibility to determine Plaintiff's residual functional capacity, and consideration of activities of daily living, such as caring for a baby, are an appropriate part of that determination. *See* 20 C.F.R. §§ 404.1529, 416.929. Thus, this line of questioning by the ALJ at the hearing was appropriate.

It is clearly established that "due process requires that any hearing afforded [a Social Security disability] claimant be full and fair." *Ventura v. Shalala,* 55 F.3d 900, 902 (3d

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 30, with Doc No. 42) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 33) is GRANTED is set forth herein.

s/ Alan N. Bloch<br>United States Senior District Judge

ecf:    Counsel of Record

cc:    **TAESHA FOSTER**
212 West Lincoln Ave
New Castle, PA 16101

---

Cir.1995). This standard is violated where the ALJ displays a bias or animus against a claimant or a claimant is deprived of the opportunity to present evidence. *See id.* Plainly put, a claimant is entitled to a fair hearing before an impartial ALJ. *See id.* "A party asserting bias must show that the behavior of the ALJ was 'so extreme as to display clear inability to render fair judgment.'" *Roberson v. Colvin*, Civ. No. 13-1183, 2014 WL 4258306, at *4 (W.D. Pa. Aug. 26, 2014) (citing, *Liteky v. United States,* 510 U.S. 540, 551, (1994)). Plaintiff proffers no evidence, and the Court finds none, to support her claim that the ALJ denied her claim because she "is a single mother, taking care of a toddler as a single part, with a degree that [she] should be able to use here in the world seeking a job suitable to her disabilities." (Doc. No. 30, p. 2). Therefore, the Court finds this assertion to be unavailing.

Finally, Plaintiff "objects" to the ALJ's decision because the "practitioners [she] was referred to by Social Security do[es] not know [her] or the totality of her medical/mental status." (Doc. No. 30, p. 5). To be clear, state agency opinions and consulting examiner opinions are required to be considered by an ALJ, despite the lack of a treating relationship with a plaintiff. Consequently, there is no merit to this objection.

Accordingly, for all of the reasons stated herein, the Court affirms the ALJ's decision.